IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERTIGO MEDIA, INC. and REMOTE MEDIA LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>EARBUDS INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 21-120-MN<br>)<br>)<br>)<br>)<br>)<br>) |

**EARBUDS INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

*Of Counsel:*

Kayvan B. Noroozi
NOROOZI PC
11601 Wilshire Boulevard, Suite 2170
Los Angeles, CA 90025
(310) 975-7074

Douglas L. Bridges
NOROOZI PC
4204 Rochester Road
Mobile, AL 36608
(251) 533-0461

Dated: April 14, 2021

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{01679549;v1 }

**Table of Contents**

I.  Introduction ................................................................................................................. 1

II.  Nature and Stage of the Proceedings ......................................................................... 1

III.  Summary of the Argument ......................................................................................... 2

IV.  Statement of Facts ...................................................................................................... 4

V.  Argument .................................................................................................................... 6

    A.  The First Amended Complaint fails to adequately allege that any Plaintiff or combination of Plaintiffs has constitutional standing as to any Asserted Patent ...................................... 6

    B.  The First Amended Complaint also fails to adequately allege that any Plaintiff or combination of Plaintiffs has statutory standing as to any Asserted Patent ...................... 10

VI.  Conclusion ................................................................................................................ 11

## Table of Authorities

**Cases**

*Cirba Inc. v. VMware, Inc.*,
  No. 19-742-LPS, 2020 U.S. Dist. LEXIS 97806 (D. Del. June 3, 2020) .............................. 2, 6

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
  926 F.2d 1406 (3d Cir. 1991) ............................................................................................. 2, 6

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
  925 F.3d 1225 (Fed. Cir. 2019) ........................................................................................ passim

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
  814 F.3d 1343 (Fed. Cir. 2016) ............................................................................................ 3, 8

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007) ........................................................................................ passim

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
  427 F.3d 971 (Fed. Cir. 2005) ............................................................................................. 2, 6

*Uniloc USA, Inc. v. Motorola Mobility, LLC*,
  2020 U.S. Dist. LEXIS 244512 (D. Del. Dec. 30, 2020) .................................................... 3, 8, 9

**Statutes**

35 U.S.C. § 281 ............................................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................. passim

I.     **Introduction**

Despite voluntarily amending their Complaint in light of Defendant's prior Motion to Dismiss, Plaintiffs have failed yet again to adequately allege or demonstrate that they have standing to bring the First Amended Complaint, and to recover the relief sought therein.

It is black letter law that "to join as a co-plaintiff [a party] must have the right to exclude others from making, using, or selling the invention in the United States." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1343 (Fed. Cir. 2007). "Only when a party holds the exclusionary rights to the patent but lacks all substantial rights may the party join the legal title owner in a suit to enforce patent rights." *Id.* at 1344.

The First Amended Complaint continues to assert three patents on behalf of *two* separate entities—Vertigo Media, Inc. ("Vertigo") and Remote Media LLC ("Remote Media") (collectively, "Plaintiffs"). It also continues to seek relief as to each of those three patents for *both* Plaintiffs. Yet the First Amended Complaint once again fails to allege why or how *either* Plaintiff has constitutional and statutory standing to assert infringement claims with respect to *any of the three* asserted patents, much less why or how *both* Plaintiffs have standing to sue with respect to *each* of the three patents.

Accordingly, the First Amended Complaint should be dismissed.

II.    **Nature and Stage of the Proceedings**

This case involves allegations of patent infringement with respect to U.S. Patents 9,549,024, 10,198,777, and 10,116,616 (the "Asserted Patents"). The Complaint was filed on January 29, 2021, D.I. 2, and served on February 4, 2021. D.I. 5. On February 22, 2021, the Court extended the deadline for Defendant to answer the Complaint until March 29, 2021. Defendant moved to dismiss the Complaint on March 29, 2021. D.I. 9. In response, Plaintiffs voluntarily filed the First Amended Complaint on March 31, 2021. D.I. 10.

**III.    Summary of the Argument**

1. "A plaintiff bears the burden of persuasion to show it has standing." *Cirba Inc. v. VMware, Inc.*, No. 19-742-LPS, 2020 U.S. Dist. LEXIS 97806, at *3 (D. Del. June 3, 2020) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005)).

2. There are two levels of standing requirements in a patent infringement action: constitutional standing under Article III of the Constitution, and statutory standing under 35 U.S.C. § 281. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234-36 (Fed. Cir. 2019).

3. A motion to dismiss for lack of constitutional standing is properly brought under Fed. R. Civ. P. 12(b)(1), while a motion to dismiss for lack of statutory standing is properly brought under Rule 12(b)(6). *Id.*

4. "There are three general categories of plaintiffs encountered when analyzing the constitutional standing in patent infringement suits: [1] those that can sue in their own name alone; [2] those that can sue as long as the patent owner is joined in the suit; and [3] those that cannot even participate as a party to an infringement suit." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (numbering added).

5. "The first category includes plaintiffs that hold all legal rights to the patent as the patentee or assignee of all patent rights--the entire bundle of sticks." *Id.*

6. "The second category of plaintiffs hold exclusionary rights and interests created by the patent statutes, but not all substantial rights to the patent." *Id.* at 1340. "Parties that hold the exclusionary rights are often identified as exclusive licensees," *id.*, although "constitutional standing [ ] does not depend on labels; it is the substance of the allegations that matter." *Lone Star Silicon Innovations*, 925 F.3d at 1234.

7. "The third category of plaintiffs includes those that hold less than all substantial rights to the patent and lack exclusionary rights under the patent statutes to meet the injury in fact requirement. They are not injured by a party that makes, uses, or sells the patented invention because they do not hold the necessary exclusionary rights. Plaintiffs in this category lack constitutional standing. This standing deficiency cannot be cured by adding the patent title owner to the suit." *Morrow*, 499 F.3d at 1340-41 (internal citations and quotations omitted).

8. The allegation that a plaintiff is the patent owner, patentee, patent holder, or exclusive licensee does not suffice to demonstrate constitutional standing. "[A] plaintiff's standing does not turn on whether it is designated a patentee, patent owner, patent holder, or exclusive licensee. [ ] [T]he substance that matters is whether the plaintiff has exclusionary rights." *Uniloc USA, Inc. v. Motorola Mobility, LLC*, 2020 U.S. Dist. LEXIS 244512, at *14-15 (D. Del. Dec. 30, 2020) (citing and discussing, among others, *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1347 (Fed. Cir. 2016), and *Morrow*, 499 F.3d at 1339).

9. Whether the plaintiff indeed has "exclusionary rights" on a given patent "is subject to debate," and the Complaint must thus present adequate allegations to support a finding that a plaintiff holds adequate "exclusionary rights" to confer it constitutional standing. *Uniloc*, 2020 U.S. Dist. LEXIS 244512, at *14.

10. For instance, "[a] plaintiff does not have the ability to prevent the defendant from practicing a patent if another party has the right to allow the defendant to use the patent." *Id*. at *15.

11. Indeed, it is entirely possible for contractual agreements between the putative patent owner and certain third parties to create the result that "*no one* could bring suit." *Id*. at *16 (emphasis original).

12. In sum, constitutional standing requires that a plaintiff hold—and properly allege—at least "exclusionary rights" to each patent as to which it brings suit, although the plaintiff need not necessarily have "all substantial rights" to the patent for purposes of constitutional standing. *Lone Star Silicon Innovations*, 925 F.3d at 1234-36.

13. Statutory standing further requires that a plaintiff in a patent infringement suit must either (i) hold "all substantial rights" to the patent, in which case it must sue alone in its own name; or else (ii) join any others as co-plaintiffs who hold other "substantial rights" to the patent, such that the co-plaintiffs together hold "all substantial rights" to the patent. *See Lone Star Silicon Innovations*, 925 F.3d at 1234-1239 (holding that "Lone Star cannot bring suit in its own name because it does not possess all substantial rights in the asserted patents" but further adding that Lone Star could possibly cure that defect by adding AMD as co-plaintiff, to the extent AMD holds the remaining substantial rights).

14. "Since the patent statutes give rise to the right to sue others for patent infringement, they also define the nature and source of the infringement claim and determine the party that is entitled to judicial relief." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007).

15. "To demonstrate entitlement to join as a co-plaintiff [a party] must have the right to exclude others from making, using, or selling the invention in the United States." *Morrow*, 499 F.3d at 1343. "Only when a party holds the exclusionary rights to the patent but lacks all substantial rights may the party join the legal title owner in a suit to enforce patent rights." *Id.* at 1344.

IV. **Statement of Facts**

Plaintiffs *jointly* allege that Earbuds Inc. ("Earbuds") directly infringes all three Asserted Patents, and *jointly* seek relief with respect to **all three asserted patents**. D.I. 10 at, *e.g.*, ¶¶ 3, 8,

27-44; *id.* at 9 (Prayer for Relief). For instance, the First Amended Complaint states that "Plaintiff*s*" seek an injunction, damages, and other relief as to all three asserted patents. *Id*.

The First Amended Complaint fails, however, to provide *any* allegations to demonstrate that *either* Plaintiff has sufficient exclusionary rights to bring suit and seek relief as to *any* Asserted Patent, much less that *both* Plaintiffs can properly bring suit together with respect to *each* Asserted Patent. It does not allege that either Plaintiff has all substantial rights to any Asserted Patent. It further lacks any allegations to demonstrate why both Plaintiffs are entitled to sue and seek relief as co-plaintiffs with respect to each and every Asserted Patent.

The First Amended Complaint simply states that: (1) Remote Media is the "owner" of the '024 Patent; D.I. 10 at ¶ 4, (2) Vertigo is the "exclusive licensee . . . to patent rights in the '024 patent, including the right to sue and collect damages for infringement of the '024 Patent,"; *id.* at ¶ 4; (3) Vertigo is the "owner" of the '777 Patent; *id.* at ¶ 6; and (4) Vertigo is the "owner" of the '616 Patent. *Id.* at ¶ 7.

The First Amended Complaint does not explain, however: (1) whether Remote Media retains rights to the '024 Patent, other than ownership, that support its being named as a Plaintiff with respect to that patent and seeking relief for alleged infringement of the patent, such as exclusionary rights to the patent; (2) whether Vertigo has exclusionary rights to the '024 Patent, such as the right to seek injunctive relief and/or grant or deny a license to the '024 Patent; (3) whether Vertigo holds all substantial rights to the '777 Patent, or at least exclusionary rights to that patent, and whether Remote Media holds any substantial rights to the '777 Patent that warrant Remote Media being named as a co-plaintiff with respect to that patent; or (4) whether Vertigo holds all substantial rights to the '616 Patent, or at least the exclusionary rights, and whether

Remote Media holds any substantial rights to the '616 Patent that warrant Remote Media being named as a co-plaintiff with respect to that patent.

V.     **Argument**

    **A.     The First Amended Complaint fails to adequately allege that any Plaintiff or combination of Plaintiffs has constitutional standing as to any Asserted Patent**

"A plaintiff bears the burden of persuasion to show it has standing." *Cirba Inc. v. VMware, Inc.*, No. 19-742-LPS, 2020 U.S. Dist. LEXIS 97806, at *3 (D. Del. June 3, 2020) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005)).

Constitutional standing under Article III requires an injury in fact. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). "A patent grant bestows the legal right to exclude others from making, using, selling, or offering to sell the patented invention in the United States, or importing the invention." *Id.* "Constitutional injury in fact occurs when a party performs at least one prohibited action with respect to the patented invention that violates these exclusionary rights. The party **holding the exclusionary rights** to the patent suffers legal injury in fact under the statute." *Id.* (emphasis added).

A motion to dismiss for lack of constitutional standing is properly brought under Fed. R. Civ. P. 12(b)(1). *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234-36 (Fed. Cir. 2019).

"There are three general categories of plaintiffs encountered when analyzing the constitutional standing in patent infringement suits: [1] those that can sue in their own name alone; [2] those that can sue as long as the patent owner is joined in the suit; and [3] those that cannot even participate as a party to an infringement suit." *Morrow*, 499 F.3d at 1399. (numbering added).

"The first category includes plaintiffs that hold all legal rights to the patent as the patentee or assignee of all patent rights—the entire bundle of sticks." *Id.* "When a party holds all rights or all substantial rights, it alone has standing to sue for infringement." *Id.* at 1340.

"The second category of plaintiffs hold exclusionary rights and interests created by the patent statutes, but not all substantial rights to the patent." *Id.* at 1340. "Parties that hold the exclusionary rights are often identified as exclusive licensees," *id.*, although "constitutional standing [ ] does not depend on labels; it is the substance of the allegations that matter." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019). This second category of plaintiffs has constitutional standing to sue for infringement of the patent, although it lacks statutory standing to do so alone. *Lone Star Silicon Innovations*, 925 F.3d at 1234-39.

"The third category of plaintiffs includes those that hold less than all substantial rights to the patent and lack exclusionary rights under the patent statutes to meet the injury in fact requirement. They are not injured by a party that makes, uses, or sells the patented invention because they do not hold the necessary exclusionary rights. Plaintiffs in this category lack constitutional standing. This standing deficiency cannot be cured by adding the patent title owner to the suit." *Morrow*, 499 F.3d at 1340-41 (internal citations and quotations omitted).

Here, the First Amended Complaint fails to provide adequate allegations to demonstrate that either Remote Media or Vertigo is within *Morrow*'s first or second categories of plaintiffs, as opposed to its third category.

With respect to the '024 Patent, the First Amended Complaint does not allege that ***either*** Vertigo ***or*** Remote Media holds "***all*** legal rights to the patent as the patentee or assignee of ***all*** patent rights—the entire bundle of sticks"—*Morrow*'s category one. *Id.* at 1399 (emphasis added). Rather, it states that Remote Media owns the patent, while Vertigo is the exclusive licensee as to

"the right to sue and collect damages for infringement." D.I. 10 at ¶¶ 4-5. Thus, neither Remote Media nor Vertigo holds *all* rights to the '024 patent, *i.e.*, "the entire bundle of sticks," and thus neither falls within *Morrow*'s category one—those plaintiffs that must sue in their own name alone.

Yet the First Amended Complaint also fails to demonstrate that *either* Remote Media or Vertigo hold the exclusionary rights to the patent—*Morrow*'s category two. Notably, the First Amended Complaint does not allege that either Remote Media or Vertigo holds the right to license (or deny a license) to the patent, or the right to seek injunctive relief for infringement of the patent. While the First Amended Complaint generically states that Vertigo is "the exclusive licensee of Remote Media LLC with respect to patent rights in the '024 Patent," that allegation is inadequate because "constitutional standing [ ] does not depend on labels; it is the substance of the allegations that matter." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019). Stated otherwise, "a plaintiff's standing does not turn on whether it is designated a patentee, patent owner, patent holder, or exclusive licensee. [ ] [T]he substance that matters is whether the plaintiff has exclusionary rights." *Uniloc USA, Inc. v. Motorola Mobility, LLC*, 2020 U.S. Dist. LEXIS 244512, at *14-15 (D. Del. Dec. 30, 2020) (citing and discussing, among others, *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1347 (Fed. Cir. 2016), and *Morrow*, 499 F.3d at 1339). Moreover, whether the plaintiff indeed has "exclusionary rights" that confer it standing to bring suit on a given patent "is subject to debate," and thus requires adequate allegations specifying the nature of the alleged exclusionary rights. *Uniloc*, 2020 U.S. Dist. LEXIS 244512, at *14. For instance, "[a] plaintiff does not have the ability to prevent the defendant from practicing a patent if another party has the right to allow the defendant to use the patent." *Id.* at *15. Indeed, it is entirely possible that contractual agreements between the putative patent owner and other parties create the outcome that no one party can prevent use of the patent, and thus that

"*no one* could bring suit." *Id.* at *16 (emphasis original). Here, the First Amended Complaint fails to state who has rights to allow the use of the '024 Patent, or to prevent the use of the patent, and to what degree—the key exclusionary rights. It thus fails to demonstrate that *either* Remote Media or Vertigo has standing to bring suit and seek damages and injunctive relief as to the '024 Patent.

The same is true with respect to the '777 and '616 Patents. The First Amended Complaint neither alleges that Vertigo owns all substantial rights to either patent, nor that it holds at least exclusionary rights and interests (though less than all substantial rights) to either patent. Instead, the First Amended Complaint simply alleges that Vertigo "is the owner" of those two patents—an allegation that is simply inadequate because it says nothing about the substantive issue of who holds exclusionary rights, and to what degree. *See Lone Star*, 925 F.3d at 1234 ("constitutional standing [ ] does not depend on labels; it is the substance of the allegations that matter."); *Uniloc*, 2020 U.S. Dist. LEXIS 244512, at *14-15 ("a plaintiff's standing does not turn on whether it is designated a patentee, patent owner, patent holder, or exclusive licensee. [ ] [T]he substance that matters is whether the plaintiff has exclusionary rights.") (internal citations omitted). Thus, the First Amended Complaint's new allegations that Vertigo "is the owner" of the '777 and '616 Patents fails to demonstrate constitutional standing because it says nothing as to whether Vertigo (or Remote Media or some other entity) holds the exclusionary rights to either patent, as the doctrine of constitutional standing requires.

As in *Morrow*, neither Vertigo nor Remote Media has therefore provided sufficient allegations in the First Amended Complaint to demonstrate that either company "suffers the legal injury that entitles it to be a party to this infringement suit." 499 F.3d at 1343. Because the First Amended Complaint fails to state whether any Plaintiff holds the exclusionary rights to any

Asserted Patent and on what basis, the First Amended Complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

**B.     The First Amended Complaint also fails to adequately allege that any Plaintiff or combination of Plaintiffs has statutory standing as to any Asserted Patent**

Under the separate doctrine of statutory standing, a plaintiff that holds "all substantial rights" to a patent must sue in its own name alone, while a plaintiff that holds the exclusionary rights but less than "all substantial rights" must join other holders of the missing substantial rights as co-plaintiffs. *Morrow*, 499 F.3d at 1340 ("When a party holds all rights or all substantial rights, it alone has standing to sue for infringement."); *Lone Star Silicon Innovations*, 925 F.3d at 1234-1239 (holding that Lone Star "cannot bring suit in its own name because it does not possess all substantial rights in the asserted patents" but remanding for the district court to consider whether "AMD must be joined here" to create statutory standing).

"[A] licensee who lacks exclusionary rights has no authority to assert a patent (even along with the patentee)." *Id.* at 1228. "To demonstrate entitlement to join as a co-plaintiff [a party] must have the right to exclude others from making, using, or selling the invention in the United States." *Morrow*, 499 F.3d at 1343. "Only when a party holds the exclusionary rights to the patent but lacks all substantial rights may the party join the legal title owner in a suit to enforce patent rights." *Id.* at 1344.

Here, Plaintiffs *jointly* allege that Earbuds infringes three patents, and *jointly* seek relief with respect to ***all three asserted patents***. D.I. 10 at, *e.g.*, ¶¶ 3, 8, 27-44; *id.* at 9 (Prayer for Relief). Specifically, the First Amended Complaint states that "Plaintiff*s*" seek an injunction, damages, and other relief as to all three asserted patents. *Id*.

But Plaintiffs do not provide *any* allegations to demonstrate why *both* Plaintiffs may join together as co-plaintiffs to sue on and seek relief as to each Asserted Patent. Indeed, for instance,

to the extent that Vertigo does in fact hold "the entire bundle of sticks" to the '777 and '616 Patents, there would be no basis for Remote Media to bring suit as to those patents, allege injury based on infringement of those patents, or seek relief therefrom. In that situation, Remote Media would fall within *Morrow*'s third category—"those that cannot even participate as a party to an infringement suit," 499 F.3d at 1339, *i.e.*, those that "are not injured by a party that makes, uses, or sells the patent invention because they do not hold the necessary exclusionary rights," and who "lack constitutional standing," which "standing deficiency cannot be cured by adding the patent title owner to the suit." *Id.* at 1340-41. And with respect to the '024 Patent, the First Amended Complaint fails to state that either Vertigo or Remote Media holds the exclusionary rights, and thus fails to demonstrate to demonstrate that either has statutory standing as to that patent. Indeed, in view of the First Amended Complaint's deficient allegations, it is entirely possible that no one party can prevent use of the ptaent, and that "*no one* could bring suit." *Uniloc*, 2020 U.S. Dist. LEXIS 244512, at *16.

Because the First Amended Complaint brings suit as to each Asserted Patent on behalf of both Plaintiffs, but fails to adequately allege that ***any*** Plaintiff has statutory standing as to any Asserted Patent, much less that both Plaintiffs may properly sue as co-plaintiffs as to any Asserted Patent, the First Amended Complaint fails to state a claim for which relief can be granted, and should be dismissed under Rule 12(b)(6).

## VI.   Conclusion

For the reasons set forth above, this Court should dismiss the First Amended Complaint in its entirety under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

|  |  |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
|  | */s/ Andrew C. Mayo* |
| Kayvan B. Noroozi | _____ |
| NOROOZI PC | John G. Day (#2403) |
| 11601 Wilshire Boulevard, Suite 2170 | Andrew C. Mayo (#5207) |
| Los Angeles, CA 90025 | 500 Delaware Avenue, 8th Floor |
| (310) 975-7074 | P.O. Box 1150 |
|  | Wilmington, DE 19899 |
| Douglas L. Bridges | (302) 654-1888 |
| николаевNOROOZI PC | jday@ashbygeddes.com |
| 4204 Rochester Road | amayo@ashbygeddes.com |
| Mobile, AL 36608 |  |
| (251) 533-0461 | *Attorneys for Defendant* |

Of Counsel:

Kayvan B. Noroozi
NOROOZI PC
11601 Wilshire Boulevard, Suite 2170
Los Angeles, CA  90025
(310) 975-7074

Douglas L. Bridges
NOROOZI PC
4204 Rochester Road
Mobile, AL 36608
(251) 533-0461

Dated:  April 14, 2021

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
_____
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*