**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

VERTIGO MEDIA, INC., a Delaware Corporation, and REMOTE MEDIA LLC, an Illinois Limited Liability Corporation,

Plaintiffs,

v.

EARBUDS INC., a Delaware Corporation,

Defendant.

Civil Action No. 21-120-MN

**JURY TRIAL DEMANDED**

**PLAINTIFFS VERTIGO MEDIA, INC. AND REMOTE MEDIA LLC'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT EARBUDS INC.'S MOTION TO DISMISS**

**Of Counsel:**

Alain Villeneuve
John E. Munro
**Duane Morris LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Tel.: (312) 499-6700
AVilleneuve@duanemorris.com
JEMunro@duanemorris.com

**DUANE MORRIS LLP**

Tracey E. Timlin (#6469)
222 Delaware Ave., Suite 1600
Wilmington, Delaware 19801
Tel: 302.657.4900
Fax: 302.657.4901
ttimlin@duanemorris.com

*Counsel for Vertigo Media, Inc. and Remote Media LLC*

Dated: April 28, 2021

# TABLE OF CONTENTS

INTRODUCTION ....................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT ........................................................................................3

ARGUMENT ....................................................................................................................4

I. Legal Standard ..........................................................................................................4

A. Standard Applicable to Rule 12(b)(1) Motion to Dismiss ....................................... 4

B. Standard Applicable to Rule 12(b)(6) Motion to Dismiss ....................................... 5

II. Patent Owners and Exclusive Licensees Have Standing to Assert Infringement Claims. ....................................................................................................................6

III. Plaintiffs Sufficiently Allege that They Own, and Hold an Exclusive License, in the Asserted Patents. ......................................................................................................7

IV. Defendant's Arguments to the Contrary Reflect a Misunderstanding of the Applicable Case Law. ...............................................................................................8

CONCLUSION ...............................................................................................................12

**TABLE OF AUTHORITIES**

**Cases**

*Affymetrix, Inc. v. Illumina, Inc.*, 446 F. Supp. 2d 292 (D. Del. 2006)..........6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........6, 8, 10

*Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336 (Fed. Cir. 2006)..........3, 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)..........5-6, 11

*Blackbird Tech LLC v. ELB Electronics, Inc.*, 2020 WL 5409052 (D. Del. Sept. 9, 2020)..........3, 6

*Gould Elecs. Inc. v. United States*, 220 F.3d 169 (3d. Cir. 2000)..........4-5

*IOENGINE, LLC v. Interactive Media Corp.*, 2017 WL 39563 (D. Del. Jan. 4, 2017)..........5-6

*Kuhn Constr. Co. v. Diamond State Port Corp.*, 2011 WL 1576691 (D. Del. Apr. 26, 2011)..........5, 8, 10

*Lone Star Silicon Innovations LLC v. Nanya Technology Corporation*, 925 F.3d 1225 (Fed. Cir. 2019).......... *passim*

*Luminara Worldwide, LLC v. Liown Electronics Co. Ltd*, 814 F.3d 1343 (Fed. Cir. 2016)..........7, 11

*Message Notification Technologies LLC v. Microsoft Corporation*, 2015 WL 13781851 (D. Del. Feb. 24, 2015)..........3, 6, 8

*Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007)..........9

*Personalized User Model L.L.P. v. Google, Inc.*, 2012 WL 4056500 (D. Del. Sept. 13, 2012)..........6

*TSMC Tech., Inc. v. Zond, LLC*, 2015 WL 661364 (D. Del. Feb. 13, 2015)..........11

*TV Guide Online, Inc. v. Tribune Media Services*, 2008 WL 979538 (D. Del. Mar. 26, 2008).......... *passim*

*Uniloc USA, Inc. v. Motorola Mobility, LLC*, 2020 WL 7771219 (D. Del. Dec. 30, 2020)..........9

*WiAV Sol. LLC v. Motorola, Inc.*, 63 F.3d 1257 (Fed. Cir. 2010)..........6

**Statutes and Rules**

35 U.S.C. § 281 .......... 5-7

Federal Rule of Civil Procedure 12(b)(1) .......... 1, 4-5

Federal Rule of Civil Procedure 12(b)(6) .......... 1, 5

Federal Rule of Civil Procedure 15(a)(2) .......... 11

Federal Rule of Civil Procedure 19 .......... 11

## INTRODUCTION

Defendant Earbuds Inc.'s ("***Defendant***") motion to dismiss is simply the latest procedural tactic designed to postpone the resolution of this case on its merits. Defendant contends that Plaintiffs Vertigo Media, Inc. ("***Vertigo***") and Remote Media LLC ("***Remote Media***") (collectively, "***Plaintiffs***") lack standing to assert infringement claims with respect of any of the three asserted patents. But Defendant does not even attempt to dispute or challenge Plaintiffs' well-pled allegations that they are the owners, and exclusive licensee, of the asserted patents. Instead, Defendant appears to suggest that Plaintiffs lack standing because the Amended Complaint does not include specific "magic words" that Defendant contends are necessary to establish standing. Defendant is wrong on the facts and the law. Plaintiffs' allegations are more than sufficient at this stage of the litigation to establish standing and Defendant's motion to dismiss should be denied.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiffs filed their initial Complaint in this action on January 29, 2021 (D.I. 1), asserting three counts of patent infringement relating to U.S. Patent No. 9,549,024 (the "***'024 Patent***"), U.S. Patent No. 10,198,777 (the "***'777 Patent***"), and U.S. Patent No. 10,116,616 (the "***'616 Patent***") (collectively, the "***Asserted Patents***"). On March 29, 2021, Defendant moved to dismiss the Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction (D.I. 8). Specifically, Defendant argued that Plaintiffs' Complaint should be dismissed because Plaintiffs failed to establish that they have standing to assert infringement claims with respect to any of the Asserted Patents (D.I. 8, 9).

Although Plaintiffs believed the allegations in their initial Complaint were sufficient to establish standing, Plaintiffs voluntarily chose to amend the Complaint in response to Defendant's

motion to dismiss (D.I. 10). To address Defendant's concerns, Plaintiffs included the following allegations in the Amended Complaint:

- Plaintiff Remote Media LLC is the owner of the '024 Patent by virtue of assignment from inventors Gregory H. Leekley, Alexander Savenok, and Pavel Savenok to Remote Media LLC, as evidenced by the assignment recorded with the United States Patent Trademark Office ("USPTO") at Reel/Frame 036654/0609. (D.I. 10 at ¶ 4).

- Plaintiff Vertigo Media, Inc. is the exclusive licensee of Remote Media LLC with respect to patent rights in the '024 Patent, including the right to sue and collect damages for infringement of the '024 Patent. (D.I. 10 at ¶ 5).

- Plaintiff Vertigo Media, Inc. is the owner of the '777 Patent by virtue of assignment from inventors Gregory H. Leekley, Alexander Savenok, and Pavel Savenok to Remote Media LLC, as evidenced by the assignment recorded with the USPTO at Reel/Frame 041046/0336, and subsequent assignment from Remote Media LLC to Vertigo Media, Inc., as evidenced by the assignment recorded with the USPTO at Reel/Frame 051340/0882. (D.I. 10 at ¶ 6).

- Plaintiff Vertigo Media, Inc. is the owner of the '616 Patent by virtue of assignment from inventors Gregory H. Leekley, Alexander Savenok, Pavel Savenok, David Savenok, and Harold Eason to Remote Media LLC, as evidenced by the assignment recorded with the USPTO at Reel/Frame 040304/0030, and subsequent assignment from Remote Media LLC to Vertigo Media, Inc., as evidenced by the assignment recorded with the USPTO at Reel/Frame 051340/0882. (D.I. 10 at ¶ 7).

Despite the inclusion of these additional allegations in the Amended Complaint, Defendant again moved to dismiss for lack of subject matter jurisdiction on April 14, 2021 (D.I. 12). Defendant's motion to dismiss and opening brief in support thereof (the "***Opening Brief***") are largely identical to its first motion to dismiss as Defendant continues to assert that the allegations in the Amended Complaint are insufficient to establish that Plaintiffs have standing to sue for infringement of the Asserted Patents (D.I. 12, 13). Defendant's motion to dismiss should be denied for the reasons set forth below.

**SUMMARY OF ARGUMENT**

1. Standing to sue for patent infringement hinges on whether the plaintiff owns the patent-in-suit, holds an exclusive license to that patent, or holds a bare license to the patent. *See, e.g., Lone Star Silicon Innovations LLC v. Nanya Technology Corporation*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) (citations omitted). The patent owner has standing to sue for infringement in its own name. *See, e.g., id.*; *Blackbird Tech LLC v. ELB Electronics, Inc.*, 2020 WL 5409052, at *2 (D. Del. Sept. 9, 2020); *Message Notification Technologies LLC v. Microsoft Corporation*, 2015 WL 13781851, at *1 n.3 (D. Del. Feb. 24, 2015). In addition, while bare licensees typically do not have standing to sue for patent infringement, exclusive licensees who hold exclusionary rights and interests in the patent do possess standing. *See, e.g., Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1340 (Fed. Cir. 2006) (citations omitted); *TV Guide Online, Inc. v. Tribune Media Services*, 2008 WL 979538, at *3 (D. Del. Mar. 26, 2008).

2. Plaintiffs sufficiently allege that they are the owners, and exclusive licensee, of the Asserted Patents and, therefore, have established that they have standing to sue. Indeed, Plaintiffs allege: (1) with respect to the '024 Patent, that Remote Media is the patent owner, by virtue of an assignment from the inventors, and that Vertigo is the exclusive licensee (D.I. 10 at ¶ 4, 5); (2) with respect to the '777 Patent, that Vertigo is the patent owner, by virtue of an assignment from Remote Media (D.I. 10 at ¶ 6); and (3) with respect to the '616 Patent, that Vertigo is the owner, by virtue of an assignment from Remote Media (D.I. 10 at ¶ 7). Defendant does not dispute Plaintiffs' allegations regarding their status as owners, and exclusive licensee, of the Asserted Patents. Defendant also does not dispute or challenge any of the underlying agreements or assignments relating to Plaintiffs' status as owners and exclusive licensee of the Asserted Patents.

Accordingly, Defendant has not shown that Plaintiffs lack standing to assert infringement claims relating to the Asserted Patents.

3. Defendant's arguments that Plaintiffs failed to sufficiently allege standing rest on a misunderstanding of the applicable case law. Defendant repeatedly suggests that mere allegations of Plaintiffs' status as owners and exclusive licensee of the Asserted Patents are insufficient to establish standing and that Plaintiffs instead need to specifically allege that they hold exclusionary interests in the Asserted Patents. *See, e.g.,* D.I. 13 at 2, 3 (citing *Lone Star*, 925 F.3d at 1234; *Uniloc USA, Inc. v. Motorola Mobility, LLC*, 2020 WL 7771219, at *5 (D. Del. Dec. 30, 2020)). But the cases on which Defendant relies all involve circumstances in which the party challenging standing brought forth arguments or evidence to dispute the plaintiff's claims that it owned or held an exclusive license in the patents. Defendant failed to do so here. Therefore, Plaintiffs allegations that they own, and hold an exclusive license, in the Asserted Patents are sufficient to establish that they hold exclusionary interests in the Asserted Patents and, therefore, possess standing.

## ARGUMENT

### I. Legal Standard

#### A. Standard Applicable to Rule 12(b)(1) Motion to Dismiss

Motions to dismiss for lack of Article III standing are properly brought under Rule 12(b)(1). *See, e.g., TV Guide*, 2008 WL 979538, at *2. A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be treated as either (1) a facial challenge (*i.e.*, based on the legal sufficiency of the allegations of the complaint) or (2) a factual challenge (*i.e.*, based on the sufficiency of a jurisdictional fact) to the court's subject-matter jurisdiction. *See, e.g., Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176–77 (3d. Cir. 2000). Defendant's motion to dismiss presents a facial, rather than factual, challenge to the Amended Complaint because Defendant

disputes the sufficiency of Plaintiff's allegations relating to its status as owners and exclusive licensee of the Asserted Patents, as opposed to the factual accuracy of those allegations. Therefore, this Court must "accept[] the allegations as true" and consider them "in the light most favorable to the plaintiff." *Id.* at 176–77; *see also Kuhn Constr. Co. v. Diamond State Port Corp.*, 2011 WL 1576691, at *2–3 (D. Del. Apr. 26, 2011); *TV Guide*, 2008 WL 979538, at *2; *IOENGINE, LLC v. Interactive Media Corp.*, 2017 WL 39563, at *1 (D. Del. Jan. 4, 2017).

Moreover, "[t]he standard for surviving a Rule 12(b)(1) motion is lower than that for a Rule 12(b)(6) motion." *Gould Elecs.*, 220 F.3d at 178. Dismissal for lack of subject matter jurisdiction is "proper only when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or … is wholly insubstantial and frivolous." *Kuhn Constr.*, 2011 WL 1576691, at *2; *see also IOENGINE*, 2017 WL 39563, at *2 ("Although the plaintiff bears the burden to prove the existence of jurisdiction, the burden is light, since 'dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of the Court, or otherwise completely devoid of merit as to not involve a federal controversy.'") (citation omitted).

**B. Standard Applicable to Rule 12(b)(6) Motion to Dismiss**

Motions to dismiss for lack of "statutory standing" under 35 U.S.C. § 281 are properly brought under Rule 12(b)(6), rather than Rule 12(b)(1) because "so-called 'statutory standing' defects do not implicate a court's subject matter jurisdiction[.]" *Lone Star*, 925 F.3d at 1235. To survive a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007) (citation omitted). Importantly, *Twombly* does not require "[d]etailed factual allegations," but rather the claimant must allege facts that, when "accepted as true, 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 555).

## II. **Patent Owners and Exclusive Licensees Have Standing to Assert Infringement Claims.**

As this court has recognized, "[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent, that if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *IOENGINE*, 2017 WL 39563, at *2 (quoting *WiAV Sol. LLC v. Motorola, Inc.*, 63 F.3d 1257, 1265 (Fed. Cir. 2010)); *see also Blackbird*, 2020 WL 5409052, at *2. To that end, standing to sue for patent infringement turns on whether the plaintiff owns the patent-in-suit, holds an exclusive license to that patent, or holds a bare license to the patent. *See, e.g., Lone Star*, 925 F.3d at 1229.

Patent owners possess exclusionary rights in their patents and, therefore, have standing to sue in their own name. *See* 35 U.S.C. § 281; *see also Blackbird*, 2020 WL 5409052, at *2 (finding that the plaintiff owned the patent and, therefore had standing to sue); *IOENGINE*, 2017 WL 39563, at *5 (finding that the plaintiff existed as a *de facto* corporation at the time of a patent assignment such that it owned the patent-in-suit and possessed standing to sue for infringement); *Message Notification*, 2015 WL 13781851, at *1 n.3 ("[The plaintiff] provides a plain statement in its Amended Complaint" that it owns the patent-in-suit, which "is all that is required" to survive a motion to dismiss); *Personalized User Model L.L.P. v. Google, Inc.*, 2012 WL 4056500, at *2 (D. Del. Sept. 13, 2012) ("Because [the plaintiff] had legal title to the patents-in-suit on the date it filed suit in 2009, it has standing. Accordingly, this Court has subject matter jurisdiction."); *Affymetrix, Inc. v. Illumina, Inc.*, 446 F. Supp. 2d 292, 297 (D. Del. 2006) (concluding that the

plaintiff "held legal title to the [] patent during the period of alleged infringement and, therefore, that [the plaintiff] has standing to suit for infringement of the [] patent").

In addition, while mere licensees typically do not have standing to sue for patent infringement, exclusive licensees—which hold exclusionary rights and interests in the patent—do possess standing to sue. *See, e.g., Aspex Eyewear*, 434 F.3d at 1340; *see also Luminara Worldwide, LLC v. Liown Electronics Co. Ltd*, 814 F.3d 1343, 1349–50 (Fed. Cir. 2016) ("If a party (exclusive licensee) has 'all substantial rights' to a patent, it 'may be deemed the effective 'patentee' under 35 U.S.C. § 281,' and thus may maintain and infringement suit in its own name, without joining the patentee."); *TV Guide*, 2008 WL 979538, at *3 (finding that the plaintiff held an exclusive license in the asserted patent such that the plaintiff possessed standing to sue for infringement). Accordingly, allegations that a plaintiff either owns a patent or possesses an exclusive license with the right sue in a patent are sufficient to establish standing.

## III. Plaintiffs Sufficiently Allege that They Own, and Hold an Exclusive License, in the Asserted Patents.

In response to Defendant's first motion to dismiss, Plaintiffs added allegations regarding their standing to assert infringement claims for each of the Asserted Patents. Indeed, as set forth above, Plaintiffs' Amended Complaint alleges, as follows: (1) Remote Media owns the '024 Patent by virtue of assignment from the inventors and Vertigo is the exclusive licensee of Remote Media with respect to the rights of the '024 Patent, "including the right to sue and collect damages for infringement of the '024 Patent" (D.I. 10 at ¶ 4, 5); (2) Vertigo owns the '777 Patent by virtue of assignment from the inventors to Remote Media and the subsequent assignment from Remote Media to Vertigo (D.I. 10 at ¶ 6); and (3) Vertigo owns the '616 Patent by virtue of assignment from the inventors to Remote Media and the subsequent assignment from Remote Media to Vertigo (D.I. 10 at ¶ 7).

Defendant makes no attempt to dispute or challenge Plaintiffs' allegations that they own, and hold an exclusive license in, the Asserted Patents. Nor does Defendant attempt to challenge or contest any of the underlying agreements or assignments relating to Plaintiffs' status as owners, and the exclusive licensee, of the Asserted Patents.[1] Accordingly, Plaintiffs' undisputed allegations establish that they own or possess an exclusive license in the Asserted Patents sufficient to establish that they possess exclusionary interests in the Asserted Patents and, therefore, have standing to sue for infringement. *See Message Notification*, 2015 WL 13781851, at *1 n.3 ("[The plaintiff] provides a plain statement in its Amended Complaint" that it owns the patent-in-suit, which "is all that is required" to survive a motion to dismiss); *TV Guide*, 2008 WL 979538, at *3 (finding that the plaintiff held an exclusive license in the asserted patent such that the plaintiff possessed standing to sue for infringement).

## IV. Defendant's Arguments to the Contrary Reflect a Misunderstanding of the Applicable Case Law.

Nevertheless, Defendant consistently argues that Plaintiffs' undisputed allegations that they own and hold an exclusive license in the Asserted Patents are somehow insufficient to establish standing. Rather, Defendant argues, Plaintiffs were required to specifically allege that they hold exclusionary rights to sue for infringement on the Asserted Patents. *See, e.g.,* D.I. 13 at 5; 7–10. In support of this argument, Defendant cites a number of cases supporting the proposition that standing turns on the substance of the allegations as opposed to the parties' specific labels. *See, e.g., id.* at 2, 3 (citing *Lone Star*, 925 F.3d at 1234; *Uniloc*, 2020 WL 7771219, at *5). But Defendant's reliance on these cases is misplaced.

---

[1] In addition, this Court is required at this stage to accept Plaintiffs' allegations as true and consider them in a light most favorable to Plaintiffs. *See Kuhn Constr.,* 2011 WL 1576691, at *2; *Ashcroft*, 556 U.S. at 663.

As an initial matter, the cases upon which Defendant relies all involve circumstances in which the party challenging the plaintiff's standing brought forth arguments or evidence to dispute the plaintiff's claim that it owned or held an exclusive license in the patents at issue. For example, in *Lone Star*, the defendant argued that the plaintiff lacked "all substantial rights" in the patent, and therefore lacked standing, because the transfer agreement that purported to transfer "all right, title, and interest" in the patents-in-suit actually imposed significant restrictions on the plaintiff's ability to use and practice the patent. *See id.*at 1227–29. As a result, the court's analysis in *Lone Star* focused on the specific, disputed terms of the transfer agreement in order to assess whether the plaintiff possessed "all substantial rights" in the patent at issue. *Id.* Similarly, in *Uniloc*, the defendant argued that the plaintiff failed to meet certain contractual requirements set forth in an agreement with a non-party, which resulted in the non-party receiving the right to sublicense the patent at issue and, which, therefore, deprived the plaintiff of the exclusionary rights necessary to confer standing. *See Uniloc*, 2020 WL 7771219, at *2. As a result, the court's analysis in *Uniloc* turned on the specific question of whether "a third party's legal right to license the asserted patent to the defendant deprives the patent's owner … of standing to sue for infringement." *Id.* at *4. Lastly, in *Morrow v. Microsoft Corp.*, the court dealt with disputes over how "bankruptcy or trust law relationships affect the standing analysis in a patent infringement case" in order to determine whether a bankruptcy trustee had standing to assert certain patent infringement claims. 499 F.3d 1332, 1336–37 (Fed. Cir. 2007).

These types of issues and arguments are absent here. As set forth above, Defendant does not even attempt to dispute Plaintiffs' allegations that they own and hold an exclusive license in the Asserted Patents. Nor does Defendant attempt to challenge or contradict the nature or terms of the various agreements and assignments underlying Plaintiffs' allegations. As a result,

Plaintiffs' undisputed allegations that they own and hold an exclusive license in the Asserted Patents are sufficient to show that Plaintiffs possess exclusionary interests in the Asserted Patents, such that specific allegations to that effect would be superfluous and unnecessary. Moreover, where Defendant failed to dispute the factual allegations regarding Plaintiffs' status as owners, and exclusive licensee, of the Asserted Patents, the Court must accept Plaintiffs' allegations as true at this stage of the litigation. *See, e.g.*, *Kuhn Constr.,* 2011 WL 1576691, at *2; *Ashcroft*, 556 U.S. at 663. Accordingly, Plaintiffs' allegations are more than sufficient at this stage of the litigation to establish standing.

Moreover, Defendant overstates the significance of the courts' statements that the "substance" of the allegations matters more than the specific labels or designations assigned to a party. Indeed, in *Lone Star*, the court stated, "[C]onstitutional standing … does not depend on labels; it is the substance of the allegations that matters." *Lone Star*, 925, F.3d at 1234. However, the court was specifically responding to the defendant's argument that the plaintiff lacked standing because it did not specifically allege that it was an "exclusive licensee." *Id.* In other words, the court turned to analyzing the "substance" of the plaintiff's allegations in order to fill in the gaps of what might otherwise have been unclear or ambiguous allegations regarding the plaintiff's interest in the patent at issue. The Court need not do so do here, where Plaintiffs clearly and unambiguously allege that they own, and hold the exclusive license, in the Asserted Patents, which is sufficient to establish that Plaintiffs own exclusionary rights in the Asserted Patents.

Defendant also argues that Plaintiffs' allegations—though undisputed—are insufficient to establish standing because Plaintiffs do not sufficiently allege whether each Plaintiff has standing to pursue infringement claims as to each of the Asserted Patents. Defendant's argument lacks merit. Plaintiffs included clear and unambiguous allegations regarding each Plaintiff's status as

an owner or exclusive licensee of each individual patent at issue and Defendant has not disputed those allegations. Therefore, Plaintiffs' allegations are more than sufficient to establish standing and put Defendant on notice of Plaintiffs' infringement claims.[2] *See, e.g., Twombly*, 550 U.S. at 555.

Moreover, Defendants are not harmed by the inclusion of both Plaintiffs in the infringement claims. Indeed, Plaintiffs' allegations are sufficient to establish that they possess exclusionary interest in the Asserted Patents, such that they are the only entities with standing to sue for infringement. Accordingly, Defendant is fairly on notice of the universe of potential infringement claims that can be brought against it relating to the Asserted Patents. *See Luminara*, 814 F.3d at 1349–50 (explaining that the rules underlying whether licensees must join patentees to bring suit are meant to protect the alleged infringer from facing multiple lawsuits on the same patent). In addition, the Federal Circuit has expressly recognized a preference for the joinder of patent owners in infringement cases brought by exclusive licensees, even if the exclusive licensee independently has standing. *See Lone Star*, 925 F.3d at 1237 ("We have interpreted Rule 19 and *Independent Wireless* as directing courts to join patentees along with licensees who otherwise have standing.") Had Plaintiffs not included Remote Media as a party to this lawsuit, Fed. R. Civ. P. 19 directs the court to join Remote Media as the owner of the '024 Patent. *See id*. The Amended Complaint includes as Plaintiffs all parties having an interest relating to the subject of this action.

[2] Nevertheless, to the extent that the Court is inclined to agree with Defendant that Plaintiffs' allegations relating to standing were somehow deficient, Plaintiffs request leave to amend to cure any such deficiency. *See* Fed. R. Civ. P. 15(a)(2) (stating that amendments should be allowed "when justice so requires"); *see also TSMC Tech., Inc. v. Zond, LLC*, 2015 WL 661364, at *8 (D. Del. Feb. 13, 2015) (explaining that dismissal with prejudice is generally inappropriate where a standing defect can be cured) (citation omitted).

Defendant's positions in its motion to dismiss are without merit and only attempt to delay the case from proceeding on its merits. Thus, Defendant's motion to dismiss should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendant's motion to dismiss be denied.

Dated: April 28, 2021

**DUANE MORRIS LLP**

*/s/ Tracey E. Timlin*

Tracey E. Timlin (#6469)
222 Delaware Ave., Suite 1600
Wilmington, Delaware 19801
Tel: 302.657.4900
Fax: 302.657.4901
ttimlin@duanemorris.com

*Counsel for Vertigo Media, Inc. and Remote Media LLC*

**Of Counsel:**

Alain Villeneuve
John E. Munro
**Duane Morris LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Tel.: (312) 499-6700
AVilleneuve@duanemorris.com
JEMunro@duanemorris.com