IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERTIGO MEDIA, INC. and REMOTE MEDIA LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EARBUDS INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 21-120-MN<br>)<br>)<br>)<br>)<br>)<br>) |

**EARBUDS INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**

*Of Counsel:*

Kayvan B. Noroozi
NOROOZI PC
11601 Wilshire Boulevard, Suite 2170
Los Angeles, CA  90025
(310) 975-7074

Douglas L. Bridges
NOROOZI PC
4204 Rochester Road
Mobile, AL 36608
(251) 533-0461

Dated:  May 5, 2021

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{01686047;v1 }

**Table of Contents**

I.     Introduction ................................................................................................................... 1

II.    Remote cannot be named a plaintiff as to the '777 and '616 Patents ................................. 3

III.   The Amended Complaint fails to properly plead standing as to any asserted patent ......... 5

IV.    Conclusion ................................................................................................................... 10

## Table of Authorities

**Cases**

*Affymetrix, Inc. v. Illumina, Inc.*,
   446 F. Supp. 2d 292 (D. Del. 2006) .................................................................................... 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................... 5, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 5, 10

*Capron v. Van Noorden*,
   6 U.S. (2 Cranch) 126 (1804) ..................................................................................... 2, 3, 4

*Cirba Inc. v. VMware, Inc.*,
   U.S. Dist. LEXIS 97806 (D. Del. June 3, 2020) ............................................................. 2, 6

*IOENGINE LLC v. Interactive Media Corp.*,
   2017 U.S. Dist. LEXIS 758 (D. Del. Jan. 4, 2017) ............................................................. 8

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) .................................................................................. passim

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ........................................................................................................ 4, 5

*Luminara Worldwide, LLC v. Liown Elecs. Co.*,
   814 F.3d 1343 (Fed. Cir. 2016) ........................................................................................... 6

*Mansfiled, C. & L. M. R. Co. v. Swan*,
   111 U.S. 379 (1884) ............................................................................................................ 2

*Message Notification Techs. LLC v. Microsoft Corp.*,
   2015 U.S. Dist. LEXIS 30626 (D. Del. Feb. 23, 2015) ....................................................... 9

*Morrow v. Microsoft Corp.*,
   499 F.3d 1332 (Fed. Cir. 2007) ................................................................................... passim

*Qimonda AG v. LSI Corp.*,
   857 F. Supp. 2d 570 (E.D. Va. 2012) .................................................................................. 7

*Personalized User Model L.L.P. v. Google, Inc.*,
   2012 WL 4056500 (D. Del. Sept. 13, 2012) ....................................................................... 8

*TV Guide Online, Inc. v. Tribune Media Services*,
  2008 WL 979538 (D. Del. Mar. 26, 2008) .................................................................................. 8

*Uniloc USA, Inc. v. Motorola Mobility, LLC*,
  2020 U.S. Dist. LEXIS 244512 (D. Del. Dec. 30, 2020) ..................................................... passim

**Statutes**

35 U.S.C. § 281 ................................................................................................................................ 2

**Rules**

Fed. R. Civ. P. 12 ..................................................................................................................... passim

I.  Introduction

Plaintiffs' response brief attempts to talk past bedrock principles of subject matter jurisdiction and to attack Defendant's motion as a delay tactic. Those efforts are to no avail.

A plaintiff to a patent suit must hold certain rights to have standing. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1343 (Fed. Cir. 2007). Plaintiffs do not dispute that Remote Media LLC ("Remote") is a plaintiff as to the '777 and '616 Patents. Indeed, Remote has moved for a preliminary injunction as to both patents. D.I. 14, D.I. 15. Yet neither the Amended Complaint nor Plaintiffs' response brief alleges that Remote has **any rights whatsoever** to the '777 or the '616 Patents. Remote thus cannot be a plaintiff as to either patent, and certainly cannot obtain a preliminary injunction as to those patents. The Amended Complaint must therefore be dismissed.

Moreover, whether a party holds sufficient rights to be a plaintiff in a patent infringement suit turns on the **substance** of the party's alleged rights in the patent, not labels. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019); *Uniloc USA, Inc. v. Motorola Mobility, LLC*, 2020 U.S. Dist. LEXIS 244512, at *14-15 (D. Del. Dec. 30, 2020).

"[T]he substance that matters is **whether the plaintiff has exclusionary rights**." *Uniloc*, 2020 Dist. LEXIS 244512, at *14-15 (emphasis added). Yet with respect to all three asserted patents, the Amended Complaint and Plaintiffs' response brief rely on labels alone. Regarding the '024 Patent, Plaintiffs simply allege that Remote "is the patent owner" and that Vertigo Media, Inc. ("Vertigo") is "the exclusive licensee." D.I. 18 at 3. The Amended Complaint contains no substantive allegation that either plaintiff holds exclusionary rights to the patent, *i.e.*, that one Plaintiff (and only one Plaintiff) has the right to prevent Defendant from practicing the patent. Plaintiffs' response brief does not dispute, and thus concedes, that the Amended Complaint lacks any such allegations. With respect to the '616 and '777 Patents, Plaintiffs again rely on the mere label that Vertigo "is the owner," without any discussion of whether Vertigo alone holds the

exclusionary rights to the patent. D.I. 18 at 3. Once again, Plaintiffs' response brief does not dispute, and concedes, that the Amended Complaint lacks any such allegations.

Plaintiffs instead argue that they need not provide substantive allegations regarding any exclusionary rights in order to sufficiently plead standing, and that simply stating a plaintiff is "the owner" or an "exclusive licensee" is enough. D.I. 3 ("Plaintiffs sufficiently allege that they are the owners, and exclusive licensee, of the Asserted Patents, and, therefore, have established that they have standing to sue."). But the law is precisely otherwise. *Morrow*, 499 F.3d at 1344; *Lone Star*, 925 F.3d at 1234; *Uniloc*, 2020 U.S. Dist. LEXIS 244512, at *14-15. Thus, it is Plaintiffs—not Defendant—who rely on "magic words" ("owner" and "exclusive licensee") to sidestep this Court's foundational jurisdictional requirements. *Cf.* D.I. 18 at 1.

Accordingly, the Amended Complaint must be dismissed as to all three asserted patents with respect to both Plaintiffs. *Morrow*, 499 F.3d at 1344; *Lone Star*, 925 F.3d at 1234; *Uniloc*, 2020 U.S. Dist. LEXIS 244512, at *14-15.

Finally, Defendant's motion to dismiss is not a "procedural tactic designed to postpone resolution of this case on its merits." D.I. 18 at 1. A challenge to Plaintiffs' standing and the Court's subject matter jurisdiction can be raised *at any time*, including after trial. *See Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 126 (1804); *Cirba Inc. v. VMware, Inc.*, No. 19-742-LPS, 2020 U.S. Dist. LEXIS 97806, at *13 n.4 (D. Del. June 3, 2020) (citing *Mansfiled, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). If Defendant truly sought to delay resolution of this proceeding on its merits, Defendant would not continue to enlighten Plaintiffs as to their pleading defects at the very outset of the case. Defendant's motions are brought so that this case does not proceed with jurisdictional defects that would require dismissal at a later date, after the parties and the Court have wasted even more resources. Plaintiffs alone bear responsibility for delays caused by their pleading failures. Plaintiffs simply ignored the actual substance of Defendant's first motion

to dismiss and failed to correct the original Complaint's pleading defects in their Amended Complaint. And Plaintiffs never contacted Defendant to seek consent to file a second amended complaint. Plaintiffs instead filed a motion for preliminary injunction, seeking relief they have no basis to obtain. Plaintiffs cannot blame Defendant for their missteps and repeated pleading failures.

The Court should grant the motion to dismiss in full.

## II. Remote cannot be named a plaintiff as to the '777 and '616 Patents

"To demonstrate entitlement to join as a co-plaintiff [a party] must have the right to exclude others from making, using, or selling the invention in the United States." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1343 (Fed. Cir. 2007).

Here, Remote has asserted the '777 and '616 Patents. *See* D.I. 10 at 7-10. Remote also seeks relief for itself as to both patents, *id.*; D.I. 14 & 15, a fact Plaintiffs' response brief does not dispute. Yet neither the Amended Complaint nor Plaintiffs' response brief contends that Remote has ***any rights whatsoever*** to either the '777 or the '616 Patent. Because the Amended Complaint does not identify any rights held by Remote that would allow Remote to assert those patents (even as a co-plaintiff), the Amended Complaint must be dismissed.

Plaintiffs cannot argue otherwise on the law, so they raise baseless arguments about "fairness" and lack of harm. Specifically, Plaintiffs state: "Defendants are not harmed by the inclusion of both Plaintiffs in the infringement claims." D.I. 18 at 11. But the Supreme Court has made clear from its earliest days that a party need not be *harmed* by a jurisdictional defect in order to raise it and obtain dismissal of the case on that basis. Thus in the seminal case of *Capron v. Van Noorden*, 6 U.S. 126 (1804), the plaintiff Capron had brought suit in federal court, had taken the case through trial and ***lost***, and yet successfully dismissed his own case for lack of subject matter jurisdiction. The Supreme Court held that although Capron was not harmed by the lack of diversity jurisdiction in the case, he had "a right to take advantage of it." *Id.* at 127. It is thus entirely

irrelevant whether Defendant is "harmed" by the inclusion of Remote as a plaintiff with respect to patents to which Remote apparently has no rights whatsoever. Nonetheless, Defendant is certainly harmed by being forced to defend a case that rests on jurisdictional defects, and that may be dismissed at any time—including on appeal—after Defendant has incurred substantial expense.

Plaintiffs additionally argue that the inclusion of additional plaintiffs is no-harm no-foul because "Defendant is fairly on notice of the universe of potential infringement claims that can be brought against it relating to the Asserted Patents." D.I. 18 at 11. Once again, that argument miscomprehends basic standing principles. Only those parties with standing to sue may sue—no more, no less. Plaintiffs "that hold less than all substantial rights to the patent and lack exclusionary rights under the patent statutes" are simply "not injured" by any acts of infringement "because they do not hold the necessary exclusionary rights," and thus "lack constitutional standing" to sue as to the patent. *Morrow*, 499 F.3d at 1340-41. "This standing deficiency cannot be cured by adding the patent title owner to the suit." *Id.* The issue is thus one of standing and injury in fact—not "fair notice." Here, Remote has no standing as to the '777 and '616 Patents, and no right to any relief as to any alleged infringement of those patents. It thus cannot be a plaintiff as to those patents.

Plaintiffs next argue their pleading is appropriate because they have included "all parties having an interest relating to the subject of this action." D.I. 18 at 11. Not so. The standing requirement does not turn on whether a party can be said in some colloquial sense to "have an interest relating to the subject of this action." Thus in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), plaintiffs who were wildlife conservationists and environmental activists undoubtedly had "an interest" in challenging the Endangered Species Act of 1973, yet they did not suffer "an injury in fact" from the challenged regulations, and thus had no right to bring suit against those regulations. As the Supreme Court explained, "the desire to use or observe an animal . . . is undeniably a cognizable interest for purposes of standing. But the 'injury in fact' test requires more

than injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Id.* at 562-63. The Supreme Court thus firmly shut the door on an "interested party" theory of standing, explaining that the notion that "anyone who has an interest . . . has standing" is "beyond all reason." *Id.* at 566. Likewise, regardless of whether Remote is "interested" in an infringement suit involving the '777 and '616 Patents, it has no right to be a plaintiff to any such suit. The Amended Complaint must therefore be dismissed.

**III.    The Amended Complaint fails to properly plead standing as to any asserted patent**

A complaint is insufficient if it offers only "labels and conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929, (2007)).

That is equally true as to a complaint's allegations regarding standing. Thus, "constitutional standing [ ] does not depend on labels; it is the ***substance of the allegations*** that matter." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019) (emphasis added). More specifically, "a plaintiff's standing does not turn on whether it is designated a patentee, patent owner, patent holder, or exclusive licensee. [ ] [T]he substance that matters if ***whether the plaintiff has exclusionary rights***." *Uniloc USA, Inc. v. Motorola Mobility, LLC*, 2020 U.S. Dist. LEXIS 244512, at *14-15 (D. Del. Dec. 30, 2020) (internal citations omitted) (emphasis added).

Where a complaint relies entirely on labels such as "owner" and "exclusive licensee" to allege standing, the complaint fails to satisfy the Supreme Court's requirements in *Iqbal* and *Twombly*, the Federal Circuit's holding in *Lone Star*, and additional precedent in cases such as *Uniloc*. "The Federal Circuit has stated repeatedly and unambiguously that it is the violation of the exclusionary rights that come with a patent that constitutes the injury-in-fact necessary for Article III standing in a patent infringement case." 2020 U.S. Dist. LEXIS 244512, at *13 (citing and

quoting *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1347 (Fed. Cir. 2016); *Morrow*, 499 F.3d at 1339; *Intell. Prop. Dev.*, 248 F.3d at 1346; *Lone Star*, 925 F.3d at 1235).

Simply put, standing cannot be alleged by simply reciting magic words such as "owner" or "exclusive licensee" without substantive allegations regarding the actual exclusionary rights held (if any) by one or more plaintiffs. Otherwise, the requirement to plead standing would reduce to nothing more than a checkbox exercise, providing defendants and the Court with no substantive allegations to assess the question of standing at the outset of the case.

Here, the Amended Complaint fails to provide substantive allegations to plausibly suggest that either Vertigo or Remote has standing to assert any of the three patents in suit. Regarding the '024 Patent, the Amended Complaint states that Vertigo "is the exclusive licensee," and holds "the right to sue and collect damages for infringement." D.I. 10 at ¶ 5. But those allegations do not suffice; they neither state nor imply that Vertigo holds the exclusionary rights to the '024 Patent. "A plaintiff does not have the ability to prevent the defendant from practicing a patent if another party has the right to allow the defendant to use the patent." *Uniloc*, 2020 U.S. Dist. LEXIS 244512, at *15. Here, the Amended Complaint states that Remote—not Vertigo—allegedly "is the owner of the '024 Patent," but never states whether only Remote can grant licenses to the patent, whether only Vertigo can do so, or whether they both hold that right (separately or jointly). That omission is critical because "the plaintiff in an infringement case—regardless of whether the plaintiff is the owner of the asserted patent or a licensee—does not possess the right to exclude the defendant from practicing the patent and therefore lacks constitutional standing to sue that defendant if another party has the ability to grant the defendant a license to the patent." *Id.* at *16-17. And if *two* parties can grant licenses to the patent—e.g., if both Vertigo *and* Remote can license the '024 Patent—then "*no one* could bring suit" as to the patent because no one would hold the exclusionary rights. *Id.* The Amended Complaint's silence

on the core issue of exclusionary rights cannot be construed in its favor. While the Amended Complaint alleges that Vertigo has the right to sue and collect damages for infringement of the '024 Patent, it never states that Vertigo (or Remote) has the exclusive right to *license* the '024 Patent, and thus fails to allege a basis for constitutional standing as to either plaintiff with respect to that patent.

The Amended Complaint's allegations as to the '777 and '616 Patents are even more deficient. The Amended Complaint simply states that Vertigo owns those patents, but once again says nothing as to whether Vertigo holds the exclusive right to license those patents. The mere allegation of patent ownership does not suffice to imply that the alleged owner holds more than the title to the patent, and holding mere title to a patent is inadequate to confer standing. *See e.g., Qimonda AG v. LSI Corp.*, 857 F. Supp. 2d 570, 579 (E.D. Va. 2012) ("Qimonda's insistence as to its holding of 'legal' title, supported only by Jaffé's affidavit, is nothing more than a label—a description of rights—that is not dispositive."). What the Amended Complaint fails to provide is actual substance—rather than mere "magic words."

Plaintiffs insist, however, that "magic words" are enough, arguing: "Plaintiffs sufficiently allege that they are the owners, and exclusive licensee, of the Asserted Patents, and, therefore, have established that they have standing to sue." D.I. 18 at 3. Similarly, Plaintiffs state: "Plaintiffs included clear and unambiguous allegations regarding each Plaintiff's status as an owner or exclusive licensee of each individual patent at issue and Defendant has not disputed those allegations. Therefore, Plaintiffs' allegations are more than sufficient to establish standing and put Defendant on notice of Plaintiffs' infringement claims." D.I. 18 at 10-11. In support, Plaintiffs cite to several cases for the proposition that simply alleging that a plaintiff is the patent title owner or exclusive licensee is sufficient to plead standing.

Plaintiffs' assertions are incorrect, and the cases they cite do not establish their argument. In *Blackbird Tech*, 2020 U.S. Dist. LEXIS 163889 (D. Del. Sept. 9, 2020), the Court found as a factual matter that the plaintiff held all substantial rights to the patent, and there was no dispute that the plaintiff thus held the patent's exclusionary rights. *Id.* at *3-*7. *Blackbird Tech* is thus inapposite, and does not hold that simply pleading the label of "patent owner" suffices to plead standing. *IOENGINE* involved a similar issue—whether the plaintiff actually owned all substantial rights to the patent, not whether the plaintiff had sufficiently plead that it held the patent's exclusionary rights as part of its complaint. *IOENGINE LLC v. Interactive Media Corp.*, 2017 U.S. Dist. LEXIS 758 (D. Del. Jan. 4, 2017). So too in *Personalized User Model L.L.P. v. Google, Inc.*, 2012 WL 4056500, at *2 (D. Del. Sept. 13, 2012), which likewise involved a factual dispute—and a factual finding—that plaintiff in fact owned the patents-in-suit, and did not involve the issue of whether plaintiff had adequately plead standing in the complaint. The same is true with respect to *Affymetrix, Inc. v. Illumina, Inc.*, 446 F. Supp. 2d 292, 297 (D. Del. 2006). And *TV Guide* likewise involved a factual dispute as to whether a plaintiff was in fact the exclusive licensee of the patent, holding the right to exclude all others from granting or obtaining a license—*not* whether the complaint's allegations were facially adequate. *TV Guide Online, Inc. v. Tribune Media Services*, 2008 WL 979538 (D. Del. Mar. 26, 2008).

By contrast to each of the above cases, Defendant here does not factually dispute at this stage whether Vertigo or Remote hold legal title to certain patents, or whether Vertigo and Remote label Vertigo an "exclusive licensee" of the '024 Patent, but rather disputes whether the Amended Complaint has even presented any allegation that either Plaintiff holds ***the exclusionary rights*** to any asserted patent, as the law requires. The Amended Complaint has not, and is thus defective.

Plaintiffs' reliance on *Message Notification Techs. LLC v. Microsoft Corp.*, Civil Action No. 13-1881-GMS, 2015 U.S. Dist. LEXIS 30626, at *3 n.3 (D. Del. Feb. 23, 2015), is likewise inapposite. There, defendant Unity argued that the plaintiff was "not the owner of the '786 Patent." *Id.* The Court rightly rejected that contention, as it raised a factual dispute without evidence to contradict the complaint's express allegation that plaintiff *did* own the patent. *Id.* Moreover, the complaint in *Message Notification* further expressly alleged that plaintiff held "all substantive rights in and to [the] patent," *id.*—an allegation that neither Remote nor Vertigo makes here, and that *cannot* be made with respect to at least the '024 Patent.

Plaintiffs further repeatedly argue that "Plaintiffs [*sic*] allegations that they own, and hold an exclusive license, in the Asserted Patents are sufficient to establish that they hold exclusionary interests in the Asserted Patents, and, therefore, possess standing." D.I. 18 at 4, *id.* at 8, 10. In support, Plaintiffs cite to the above cases. But as shown, none of those cases stands for the proposition that a mere allegation that a plaintiff holds title to a patent or is the exclusive licensee of the patent, standing alone, is sufficient to establish that that plaintiff holds the exclusionary rights in the patent. Moreover, Plaintiffs' argument is self-defeating on its own terms. Plaintiffs argue that "*they* hold exclusionary interests in the Asserted Patents," but do not contend that any *one* Plaintiff holds *the* exclusionary rights to any given Asserted Patent. To the extent neither Plaintiff can prevent the other from granting a license to an Asserted Patent, no one could sue on that patent. *Uniloc*, 2020 U.S. Dist. LEXIS 244512, at *16.

Plaintiffs likewise repeatedly emphasize that Defendant has not disputed the Amended Complaint's allegations regarding ownership and exclusive licensing, and that the motion to dismiss must therefore be denied. That logic fails. Defendant need not challenge the *conclusions* set forth in the Amended Complaint to demonstrate a facial deficiency in the Amended Complaint's allegations. Rather, Defendant may successfully move to dismiss by demonstrating

that the Amended Complaint lacks sufficient *substantive allegations* to support the conclusions it asserts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929, (2007). For instance, if the Amended Complaint simply alleged that "Plaintiffs have standing to bring this suit," without more, Defendant would not need to argue that Plaintiffs *do not* have standing in order to successfully move to dismiss the complaint. Rather, it suffices to demonstrate that the Amended Complaint lacks substantive allegations to plausibly suggest that Plaintiffs have standing. Defendant has made that showing here.

Finally, Plaintiffs attempt to distinguish Defendant's case law on the basis that those cases "all involve circumstances in which the party challenging the plaintiff's standing brought forth arguments or evidence to dispute the plaintiff's claim that it owned or held an exclusive license in the patents at issue." D.I. 18 at 9. That argument misses the point. Defendant's cases are cited for their holdings regarding what the law of standing requires, and thus by necessity what a plaintiff must at least *allege* in properly pleading standing in its complaint. Those legal requirements, which were articulated by the Federal Circuit and followed by judges in this Court, apply here, and support Defendant's motion to dismiss.

### IV. Conclusion

For the reasons set forth above and in Defendant's Opening Brief, this Court should dismiss the First Amended Complaint in its entirety.

|  |  |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
|  | */s/ Andrew C. Mayo* |
| Kayvan B. Noroozi | _____ |
| NOROOZI PC | John G. Day (#2403) |
| 11601 Wilshire Boulevard, Suite 2170 | Andrew C. Mayo (#5207) |
| Los Angeles, CA  90025 | 500 Delaware Avenue, 8th Floor |
| (310) 975-7074 | P.O. Box 1150 |
|  | Wilmington, DE 19899 |
|  | (302) 654-1888 |
| Douglas L. Bridges | jday@ashbygeddes.com |
| NOROOZI PC | amayo@ashbygeddes.com |
| 4204 Rochester Road |  |
| Mobile, AL 36608 | *Attorneys for Defendant* |
| (251) 533-0461 |  |

Dated:  May 5, 2021