IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERTIGO MEDIA, INC. AND REMOTE MEDIA LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 21-120 (MN) |
| v. | ) | |
| | ) | |
| EARBUDS INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 14th day of October 2021:

On January 29, 2021, Plaintiffs Vertigo Media, Inc. ("Vertigo") and Remote Media LLC ("Remote") (collectively "Plaintiffs") sued Defendant Earbuds Inc. ("Defendant") for infringement of claims 21, 26-28, and 31-32 of U.S. Patent No. 9,549,024 ("the '024 Patent"), claims 1-4 and 6-7 of U.S. Patent No. 10,198,777 ("the '777 Patent"), and claims 14 and 23 of U.S. Patent No. 10,116,616 ("the '616 Patent"). (D.I. 1). Plaintiffs amended their complaint on March 31, 2021. (D.I. 10). On April 14, 2021, Defendant moved to dismiss Plaintiffs' amended complaint for lack of standing. (D.I. 12). On April 21, 2021, Plaintiffs filed a Motion for Preliminary Injunction. (D.I. 14). On October 13, 2021, the Court heard oral argument on the motions. After careful review of all materials submitted by the parties, for the reasons set forth below, IT IS HEREBY ORDERED that Plaintiffs' motion (D.I. 14) is DENIED and Defendant's motion (D.I. 12) is GRANTED-IN-PART and DENIED-IN-PART.

## I.    BACKGROUND

It is difficult to broadcast music you do not own without transgressing United States copyright law. Each party to the present action offers a mobile phone application that provides a

solution to this problem by permitting users to send music that is simultaneously synchronized with the audience's individual music streaming platform (Spotify, Apple Music, etc.) and played from audience members' devices.  (D.I. 15).  So, for example, if Boston Red Sox fans across the world were to use the parties' applications to listen to music together, the broadcaster could simply load Neil Diamond's Sweet Caroline on its music streaming platform, and the application would simultaneously trigger Sweet Caroline to be played on each audience member's respective music streaming platform.  That way, the broadcaster and the audience are legally and simultaneously listening to the same song.  The parties' applications also permit users to interact with each other as they listen to the music.

Defendant's product is a mobile phone application called EarBuds.  Plaintiffs allege that EarBuds infringes the '024 Patent, the '616 Patent and the '777 Patent (collectively, "the Asserted Patents").  (D.I. 1, D.I. 10).  The Asserted Patents are generally directed to an audio and social media routing and synchronizing system between two or more computers.

On May 20, 2020, Plaintiffs sent a cease and desist letter to Jason Fox, the founder of Earbuds, Inc. (D.I. 16 ¶ 2).  After some communications back and forth (including several requests by Defendant for extensions of time to respond and Plaintiff's delivery of claim charts alleging infringement of the Asserted Patents), on July 28, 2020, Defendant responded, denying infringement.  (*Id.* ¶ 12).  On July 29, 2020, Plaintiffs sent Defendant's counsel a draft complaint for infringement of the Asserted Patents, as well as a draft non-disclosure agreement ("NDA") to allow the parties to exchange confidential information.  (*Id.* ¶ 13).  By September 23, 2020, both parties had signed copies of the NDA.  (*Id.* ¶ 17).  On December 7, 2020, Plaintiffs sent Defendant a settlement demand, but after no response in more than a month, Plaintiffs filed suit against Defendant on January 29, 2021. (*Id.* ¶¶ 19–21).  Plaintiffs filed their First Amended Complaint

("Complaint") on March 31, 2021 (D.I. 10), and Defendant moved to dismiss that Complaint for lack of standing on April 14, 2021 (D.I. 12). One week later, Plaintiffs moved for a preliminary injunction seeking to enjoin the Defendant from offering, advertising, marketing, promoting, or otherwise furnishing its "EARBUDS™" product. (D.I. 14).

## II.    <u>LEGAL STANDARDS</u>

### A.    <u>Motion to Dismiss</u>

A motion to dismiss for lack of subject matter jurisdiction due to want of standing is properly brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). A motion to dismiss for lack of statutory standing is brought under Rule 12(b)(6). *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019). Defendant's motion to dismiss implicates both rules, as Defendant challenges this Court's subject matter jurisdiction over the present action and alleges that Plaintiffs lack statutory standing.

A party bringing a Rule 12(b)(1) motion may either bring a facial challenge, where the moving party asserts that the facts as alleged in the complaint do not establish standing, or a factual challenge, where the moving party disputes the complaint's jurisdictional facts. The Court finds Defendant's 12(b)(1) motion, filed before it filed an answer, to be a facial challenge.[1] Defendant asserts that "the Amended Complaint fails to provide substantive allegations to plausibly suggest that either Vertigo or Remote has standing to assert any of the three patents in suit," not that any particular jurisdictional fact that they allege is false. (D.I. 21 at 6). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein

---

[1]    *See Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("The Commonwealth filed the attack before it filed any answer to the Complaint or otherwise presented competing facts. Its motion was therefore, by definition, a facial attack.")

and attached thereto, in the light most favorable to the plaintiff." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Thus, to decide the 12(b)(1) motion, the Court will take Plaintiffs' jurisdictional allegations as true and correct and view them in the light most favorable to Plaintiffs.

Defendant's allegations that Plaintiffs lack statutory standing was properly brought under Rule 12(b)(6). In ruling on a 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the non-moving party. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232–33 (3d Cir. 2008). Dismissal under Rule 12(b)(6) is only appropriate if the pleading does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Thus, the Court must determine whether the Complaint contains factual allegations which, taken as true and viewed in the light most favorable to Plaintiffs, suggest that they possess statutory standing.

### B. Motion for Preliminary Injunction

Preliminary injunctive relief is an "extraordinary" remedy appropriate only in "limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); see also *Intel Corp. v. ULSI Sys. Tech., Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993) ("[A] preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted."). A preliminary injunction may be granted only if the moving party shows (1) a likelihood of success on the merits, (2) irreparable harm if an injunction is not granted, (3) the balance of equities tips in favor of the moving party and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*,

555 U.S. 7, 20 (2008); *see also Osorio-Martinez v. Attorney Gen. United States of Am.*, 893 F.3d 153, 178 (3d Cir. 2018); *Altana Pharma AG v. Teva Pharm. USA, Inc.*, 566 F.3d 999, 1005 (Fed. Cir. 2009). The Court cannot grant a preliminary injunction unless the moving party establishes both a likelihood of success on the merits and the existence of irreparable harm without the injunctive relief. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

## III.   DISCUSSION

### A.   Defendant's Motion to Dismiss

Defendant asserts that the Complaint fails "to provide any allegations to demonstrate that either plaintiff has sufficient exclusionary rights to bring suit and seek relief as to any Asserted Patent, much less that both Plaintiffs can properly bring suit together with respect to each Asserted Patent." (D.I. 13, ¶¶ 4-7) (emphasis omitted). The Court agrees in-part. With respect to the '777 and '616 Patents, Plaintiffs have not sufficiently alleged facts that establish Remote's constitutional or statutory standing. Paragraphs 6 and 7 of the Complaint assert that Vertigo is the owner of these patents by virtue of assignment from Remote. Both paragraphs include the Reel/Frame number that records the assignment. The document recording the assignment of both patents reveals that Remote assigned to Vertigo "100% of its right, title, and interest in the inventions and the Patent Applications / Patents." USPTO Assignment Abstract of Title Database Reel/Frame No. 051340/0882. Because Plaintiffs have not alleged any facts demonstrating that Remote retained or currently possesses any exclusionary rights in the '777 and '666 Patents, the Court finds that Remote has no constitutional or statutory standing with respect to those patents.

As to Defendant's assertion that *no* plaintiff has constitutional standing with respect to *any* Asserted Patent because the Complaint does not include sufficient assertions of any of Plaintiff's

exclusionary rights, however, the Court disagrees.  True, the Complaint never affirmatively details the exclusionary rights, if any, that either Plaintiff possesses in any of the Asserted Patents.  (*See* D.I. 10 ¶¶ 4–7).  But at this stage of the litigation, the Court is satisfied that, taking the Plaintiffs' allegations as true and viewing the facts in the light most favorable to them, Plaintiffs need not recite specific "magic" words.  With respect to the '024 Patent, Plaintiffs allege that Remote is the owner (and cite to a document showing that it owns the entire right, title, and interest in the invention), and Vertigo is the exclusive licensee.  (D.I. 10 ¶ 4).  This is sufficient to demonstrate exclusionary rights where there is no countervailing evidence.  *See generally Uniloc USA, Inc. v. Motorola Mobility, LLC*, 2020 WL 7771219, at *7–8 (D. Del. Dec. 30, 2020) (finding that a plaintiff lacked standing to sue on a patent after receiving evidence that plaintiff's patent portfolio was licensed to a third-party, with an agreement that the third-party was not to "use" the license unless an "Event of Default" occurred, and such event occurred), *appeal filed*, (No. 21-1555).  The Complaint also sufficiently alleges that Vertigo possesses the necessary exclusionary rights in the '777 and '616 Patents because the Complaint asserts, and cites to a document showing that, it owns the entirety of the right, title, and interest in the invention.  Of course, "constitutional standing . . . does not depend on labels; it is the substance of the allegations that matters."  *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019).  But the Court finds it reasonable to infer, as it must when ruling on a facial Rule 12(b)(1) challenge, that Plaintiffs possess the necessary exclusionary rights.

Therefore, the Defendant's motion (D.I. 12) is DENIED-IN-PART and GRANTED-IN-PART.[2]  Remote shall be dismissed with respect to the '616 and '777 Patents.

---

[2]     The denial of Defendant's motion is without prejudice to renew after discovery on the issue, if appropriate.

B.      **Plaintiffs' Motion for Preliminary Injunction**

As discussed below, the Court finds that Plaintiffs are not entitled to preliminary injunctive relief as they have not sufficiently demonstrated that they will suffer irreparable harm in the absence of a preliminary injunction; nor have they met their burden of proving a likelihood of success on the merits.  Therefore, the motion is DENIED.

1.      **Plaintiffs Have Not Shown Irreparable Harm**

"A party seeking a preliminary injunction must establish that it is likely to suffer irreparable harm if the preliminary injunction is not granted and there is a causal nexus between the alleged infringement and the alleged harm."  *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017); *see also Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, 1375 (Fed. Cir. 2012) (causal nexus requires some connection between the alleged infringement and harm such "that the infringing feature drives consumer demand for the accused product").  Given that the party moving for injunctive relief seeks an "extraordinary remedy," the Supreme Court has made clear that such relief "may only be awarded upon a clear showing" that the plaintiff will likely suffer irreparable harm if a preliminary injunction does not issue. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Here, Plaintiffs have failed to make a clear showing of irreparable harm.

Plaintiffs argue that they "have suffered, and continue to suffer, irreparable harm, because they are damaged by Defendant in ways that are impossible to reduce to a monetary payment." (D.I. 15 at 11).  They assert that Defendant is "completely destroy[ing] the market and capacity to generate fees" because Defendant offers its product for free.  (*Id.*).  Further, Plaintiffs state that they "have suffered harm as a result of Defendant's unreasonable delays in resolving this matter." (*Id.*).  Plaintiffs' arguments, however, are supported by scant evidence.

First, although "[p]rice erosion can justify a finding of irreparable harm," *Symbol Techs., Inc. v. Janam Techs., LLC*, 729 F. Supp. 2d 646, 664 (D. Del. 2010) (citing *Sanofi–Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1382–83 (Fed. Cir. 2006)), bare allegations, without more, cannot do so.   In *Symbol*, the moving party presented the court with "concrete pricing evidence" that demonstrated that it "suffered, and continues to suffer, some degree of price erosion as a result of [defendant's] conduct." *Id.* at 664.   The plaintiff in that case, however, did not present sufficient evidence to suggest that plaintiff's "price erosion damages are incapable of being quantified, or that [plaintiff] could not be fully compensated by a monetary award." *Id*.   Thus, the court declined to find irreparable harm on the basis of price erosion. *Id.* at 664–65.   Here, Plaintiffs have made less of a showing than the one found inadequate in *Symbol*.   Indeed, Plaintiffs have offered no concrete evidence of price erosion, let alone evidence that damage caused by any such price erosion could not be quantified.   Instead, Plaintiffs allege "complete price erosion" because Defendant markets its products for free.   But Plaintiffs do not offer any evidence suggesting that they were planning to offer their product as a paid service or that the price has eroded at all.

Further, Plaintiffs argue that they are irreparably harmed by their inability to license their patented technology, pointing to letters that show Plaintiffs contacting competitors, including Defendant, with an offer to license rights to their technology.  (D.I. 34, Ex. E).   But this evidence cuts against Plaintiffs.   An injury cannot be "irreparable" if money would be an adequate remedy, and that is exactly what is suggested by Plaintiffs' offering to license their patents to Defendant and other competitors.   *See High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (explaining that because Plaintiff "offered a license to [Defendant], [] it is clear that [Plaintiff] is willing to forgo its patent rights for compensation.  That

evidence suggests that any injury suffered by [Plaintiff] would be compensable in damages assessed as part of the final judgment in the case.").

Plaintiffs further argue that they will suffer irreparable harm because Defendant may not have the capacity to pay a damages award.  (D.I. 15 at 11).  In *Eli Lilly and Co. v. Premo Pharmaceutical Laboratories, Inc.*, 630 F.2d 120, 137 (3d Cir. 1980), the Third Circuit affirmed the district court's grant of a preliminary injunction in a case where the plaintiff's annual sales exceeded $100 million while the defendant was in Chapter XI reorganization and had sales of only $2 million.  Thus, the Third Circuit agreed with the district court's reasoning that "damages could very conceivably run beyond [defendant's] ability to pay them."  *Id.*  In this case, however, the Court has received no evidence of Plaintiffs' annual or lost sales, and no evidence of the Defendant's ability to pay any damage award.  Although Plaintiffs assert that "[a]n attorney for Defendant explained Earbuds® has no resources and cannot afford / pay any license offered," that bare assertion is not enough evidence to persuade this Court.  (D.I. 16 ¶ 26).  Moreover, that statement comes on the heels of Plaintiffs' explaining that Defendant has exclusive contract rights with the National Football League.  (*Id.* ¶ 25).  Simply put, Plaintiffs have not furnished sufficient evidence from which the Court can conclude that Defendant would not be able to pay any future damages.

Finally, Plaintiffs argue that the Defendant's "unreasonable delay in resolving this matter" is a contributing factor to the irreparable harm that Plaintiffs would suffer without a preliminary injunction.  But it is Plaintiffs' own delay that cuts against finding irreparable harm in this case.  Plaintiffs, through counsel, sent a cease and desist letter to Defendant on May 20, 2020, but waited to file a complaint until January 29, 2021 and delayed moving for a preliminary injunction until

April 21, 2021.[3]  (*Id.* ¶ 2; D.I. 1, D.I. 14).  The Federal Circuit has noted that "delay in bringing an infringement action and seeking a preliminary injunction are factors that could suggest that the patentee is not irreparably harmed by the infringement."  *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1325 (Fed. Cir. 2012).  Although the Court commends Plaintiffs for trying to settle the present matter without litigation, the Court finds that Plaintiffs have not acted with an urgency that suggests they will suffer irreparable harm in the absence of an injunction.[4]

## 2.    Likelihood of Success

Because granting a preliminary injunction requires finding that the moving party has demonstrated a likelihood of success on the merits and that irreparable harm is likely in the absence of an injunction, a trial court may deny a motion based on a patentee's failure to show irreparable harm without analyzing the other factors.  *See Jack Guttman, Inc. v. Kopykake Enters, Inc.*, 302 F.3d 1352, 1356 (Fed. Cir. 2002); *Chestnut Hill Sound Inc v. Apple Inc.*, No. 15-261-RGA, 2015 WL 6870037, at *2 (D. Del. Nov. 6, 2015).  Still, the Court is persuaded that in this case some discssion of Plaintiffs' likelihood of success[5] is warranted "for reasons of judicial economy

---

[3]    Plaintiff also agreed to a four month period for discovery and briefing of the motion (D.I. 19), yet failed to supplement its papers with evidence supporting its various arguments.

[4]    In addition, it bears noting that the moving party must show that irreparable injury is likely in the absence of an injunction.  Plaintiffs point to the fact that Defendant obtained exclusive contract rights with the National Football League during the period of alleged delay.  (D.I. 15 at 11).  But that is a *past* harm that does move the Court towards finding that Plaintiffs are likely to suffer irreparable injury in the absence of an injunction.  *See Freedom Medical Inc v. Whitman*, 343 F. Supp. 3d 509, 530 (E.D. Pa. 2018) ("Simply put, a showing of past harm, without more, is insufficient to justify the issuance of a preliminary injunction.").

[5]    Plaintiffs alleged infringement of fourteen claims across three different patents.  (D.I. 10; D.I. 15 at 8).  In the interest of judicial economy, the Court ordered Plaintiffs to identify two claims for the Court to consider in connection with its motion for preliminary injunction and permitted Defendant to raise up to two arguments that Plaintiffs cannot show

and [to aid] appellate review." *Reebok Intern. Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557 (Fed. Cir. 1994).

As noted previously, "[i]t frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129–130 (2d ed. 1995)) (emphasis deleted). To make such a "clear showing," the moving party must put forth evidence supporting its claims, and neither attorney argument nor the allegations in the complaints suffice. *See Bullock v. Carney*, 463 F. Supp. 3d 519, 524–25 (D. Del. 2020); *Societe Comptoir De L'Industrie Cotonniere, Etablissements Boussac v. Alexander's Dep't Stores, Inc.*, 190 F. Supp. 594, 601 (S.D.N.Y. 1961), aff'd, 299 F.2d 33 (2d Cir. 1962) ("As support for a preliminary injunction the court can consider only facts presented by affidavit or testimony . . . ."); *Amato v. Elicker*, No. 3:20-CV-464 (MPS), 2020 WL 2542788, at *6 n.6 (D. Conn. May 19, 2020) ("The Court cannot rely on factual representations in the parties' briefs to decide a motion for a preliminary injunction or temporary restraining order."); 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2949 at 237 (3d ed.) ("Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction.").

In support of their motion, Plaintiffs have provided no expert (or other) testimony and no authenticated documents to demonstrate infringement, instead presenting claim charts to the Court. (D.I. 16, Exhibits B and F). The claim charts contain argument about claim constructions (with

---

a "likelihood of success" for each of those claim. (D.I. 46). Plaintiffs identified claim 21 of the '024 Patent and claim 1 of the '777 Patent, and so the Court's "likelihood of success" analysis is based on these claims. (D.I. 47; D.I. 48).

hardly any citation to intrinsic evidence) as well as arguments that each claim element is met by the accused product (again without citation to specific evidence or quoting identified documents). The claim charts are, in other words, long on argument but short on ***evidence***.[6]   Attorney argument has been found to be insufficient to meet the moving party's burden of persuasion on a motion for summary judgment, *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d. 626, 648 n. 29 (D. Del. 2014), and that is certainly the case here with respect to infringement.[7]   And because Plaintiffs have not persuaded the Court that they are likely to succeed in proving infringement, the Court will refrain from analyzing Defendant's contentions that the asserted claims are patent-ineligible under 35 U.S.C. § 101.[8]

## C.      Remaining Factors

The Court does not find it necessary to address the remaining factors – the balance of hardships and whether an injunction is in the public interest.   The Federal Circuit has explained that "a trial court need not make findings concerning the third and fourth factors if the moving party fails to establish either of the first two factors."   *Polymer Techs., Inc. v. Bridwell*, 103 F.3d

---

[6]      The charts refer generically to The Earbuds Software (www.earbudsmusic.com) and some of the rows include unauthenticated pictures along with argument.   Other rows simply include argument without citation to any evidence.

[7]      On the other hand, Defendant has furnished evidence of non-infringement.   Defendant submitted a declaration from its Chief Technology Officer asserting that its product does not meet at least certain elements of claim 21 of the '024 Patent and claim 1 of the '777 Patent.   (D.I. 33).

[8]      The Court recognizes that parties are in the early stages of litigation and is therefore basing its conclusion on the record before it.   The Court expresses no opinion on the parties' likelihood of success once the record has been better developed.   *Cf. Chestnut Hill Sound Inc v. Apple Inc.*, No. 15-261-RGA, 2015 WL 6870037, at *2 (D. Del. Nov. 6, 2015) (declining to issue an opinion regarding likelihood of success on the merits "[g]iven the early stages of [the] litigation.").

970, 973–74 (Fed. Cir. 1996).  Because Plaintiffs have failed to establish either of the first two factors, no further analysis necessary.

IV.     <u>CONCLUSION</u>

For the above reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss (D.I. 12) is GRANTED-IN-PART and DENIED-IN-PART and Remote Media LLC shall be dismissed as a plaintiff with respect to the '616 and '777 Patents.  Plaintiffs' motion for a preliminary injunction (D.I. 14) is DENIED.

The Honorable Maryellen Noreika
United States District Judge