IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERTIGO MEDIA, INC. and REMOTE MEDIA LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 21-120-MN ) ) **JURY TRIAL DEMANDED** |
| EARBUDS INC., | ) ) |
| Defendant. | ) ) |

## ANSWER TO AMENDED COMPLAINT

Defendant Earbuds, Inc. ("Earbuds" or "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Defenses to the allegations in the Amended Complaint (D.I. 10 ("Complaint")) of Plaintiffs Vertigo Media, Inc. ("Vertigo") and Remote Media LLC ("Remote") (collectively, "Plaintiffs"). Defendant denies that it infringes, or has infringed, any valid, enforceable, and properly construed claims of the asserted patents, denies that Plaintiffs are entitled to any relief, and denies all allegations not specifically admitted in this Answer, including any allegations in the Complaint's headings.

## NATURE OF THE ACTION

1. To the extent a response is required, Defendant admits that the Complaint purports to request relief to prevent the download, use, importation, advertisement, distribution, and sale of at least a software system, process, and component. Defendant further admits that it advertises and describes a product called "Earbuds" on its website and that its product is available on websites like the Apple® App Store. Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies them.

2. Defendant lacks knowledge or information sufficient to form a belief as to what patents are owned by Plaintiffs or who believes that any Earbuds solution or software contains any elements of such patents, and therefore denies this allegation. To the extent that this allegation purports to allege that any product of Defendant infringes any patent owned by Plaintiffs, Defendant denies any such allegation.

3. Defendant admits that the Complaint purports to request injunctive relief regarding U.S. Patent Nos. 9,549,024 ("the '024 Patent"), 10,198,777 ("the '777 Patent"), and 10,116,616 ("the '616 Patent") (collectively, "Asserted Patents"). Defendant denies that either Plaintiff is entitled to seek injunctive relief regarding the Asserted Patents. Defendant lacks knowledge or information sufficient to form a belief as to whether or what extent either Plaintiff owns rights in the Asserted Patents.

4. Defendant admits that Plaintiff Remote Media LLC purports to be the owner of the '024 Patent.

5. Defendant lacks public knowledge or information sufficient to admit or deny whether Vertigo Media, Inc., is the exclusive licensee of Remote Media LLC with respect to the rights in the '024 Patent, or the specific rights Vertigo Media, Inc. holds as to the '024 Patent.

6. Defendant admits that Plaintiff Vertigo Media, Inc. purports to be the owner of the '777 Patent.

7. Defendant admits that Plaintiff Vertigo Media, Inc. purports to be the owner of the '616 Patent.

8. To the extent a response is required, Defendant admits that the Complaint purports to seek to recover damages. Defendant otherwise lacks knowledge or information sufficient to

{01737866;v1 }                                        2

form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies them.

## THE PARTIES

9. Defendant lacks knowledge or information sufficient to admit or deny this allegation.

10. Defendant lacks knowledge or information sufficient to admit or deny this allegation.

11. Admitted.

## JURISDICTION AND VENUE

12. Paragraph 12 of the Complaint states a legal conclusion with respect to jurisdiction to which no response is required. To the extent a response is required, Defendant admits that the Complaint purports to be an action for patent infringement where this Court would have subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338. Defendant, however, denies that there is any legal or factual basis for such action, and lacks knowledge or information sufficient to admit or deny that Plaintiffs have standing to justify such jurisdiction.

13. Paragraph 13 of the Complaint states a legal conclusion with respect to personal jurisdiction to which no response is required. To the extent a response is required, for purposes of this case only, Defendant does not contest personal jurisdiction in this District if and only if subject matter jurisdiction and standing are met.

14. Paragraph 14 of the Complaint states a legal conclusion with respect to venue to which no response is required. To the extent a response is required, for purposes of this case only, Defendant does not contest venue in this District.

**PATENTS-IN-SUIT**

15.     Defendant admits that it offered December 21, 2018 as the date of first use in commerce for its U.S. trademark registration for the mark EARBUDS for use in connection with "downloadable mobile application for users to compile music playlists for simultaneous listening view or sharing of playlists." Defendant lacks knowledge or information sufficient to form a belief as to what embodies "the Accused Product" and thus denies the remaining allegations contained in Paragraph 15 of the complaint.

16.     Defendant admits that there is an article dated February 14, 2019 wherein Jason Fox is quoted to have said that the Earbuds App was "on a slow rollout and trying to fix major glitches." Defendant lacks knowledge or information sufficient to form a belief as to what embodies "the Accused Product" and thus denies the remaining allegations contained in Paragraph 16 of the complaint.

17.     Admitted.

18.     Defendant admits that it received correspondence purportedly from a Plaintiff on May 20, 2020 regarding the '024 Patent. Defendant denies the remaining allegations.

19.     Denied. While Defendant lacks knowledge or information sufficient to form a belief as to what constitutes "the Accused Product," Defendant has filed at least one pending patent application covering its products and services. The remainder of the allegations in this paragraph are also denied.

20.     Admitted.

21.     Defendant denies that it asked the Plaintiff for "patience."

22.     Defendant admits that it responded to the May 20, 2020 letter on July 10, 2020 and on July 15, 2020. Defendant denies that it offered no position of non-infringement or invalidity

of the technology. Defendant admits that it requested more information regarding the purported claim of infringement.

23. Defendant admits that it received correspondence from counsel purporting to represent a Plaintiff on July 14, 2020 and July 16, 2020 and admits that the correspondence included documents substantially similar to the documents attached as Exhibit 5 and Exhibit 6. Denied regarding any other allegations.

24. Defendant admits to sending correspondence to counsel for a Plaintiff on July 29, 2020. Denied as to any further allegations.

25. Defendant admits it released Version 1.9.19 on the Apple® App Store on August 14, 2020 with additional functionality, but denies the remaining allegations.

26. Paragraph 26 of the Complaint states a legal conclusion with respect to willful infringement to which no response is required. To the extent a response is required, it is denied.

## COUNT I
### (Direct Infringement of the '024 Patent)

27. Paragraph 27 of the complaint merely incorporates by reference earlier paragraphs and does not require a response. Defendant repeats and incorporates by reference its responses to all prior paragraphs of the complaint as if fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Paragraph 32 constitutes a prayer for relief to which no response is required; however, to the extent there are any allegations of factual or legal entitlement to the relief

requested, Defendant denies such allegations. Plaintiffs are not entitled to any relief on their Complaint, including but not limited to the requested relief.

## COUNT II
### (Direct Infringement of the '777 Patent)

33. Paragraph 33 of the complaint merely incorporates by reference earlier paragraphs and does not require a response. Defendant repeats and incorporates by reference its responses to all prior paragraphs of the complaint as if fully set forth herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Paragraph 38 constitutes a prayer for relief to which no response is required; however, to the extent there are any allegations of factual or legal entitlement to the relief requested, Defendant denies such allegations. Plaintiffs are not entitled to any relief on their Complaint, including but not limited to the requested relief.

## COUNT III
### (Direct Infringement of the '616 Patent)

39. Paragraph 39 of the complaint merely incorporates by reference earlier paragraphs and does not require a response. Defendant repeats and incorporates by reference its responses to all prior paragraphs of the complaint as if fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Paragraph 44 constitutes a prayer for relief to which no response is required; however, to the extent there are any allegations of factual or legal entitlement to the relief requested, Defendant denies such allegations. Plaintiffs are not entitled to any relief on their Complaint, including but not limited to the requested relief.

## ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF

This paragraph and subparagraphs "A" through "F" of the Complaint constitute a prayer for relief to which no response is required; however, to the extent there are any allegations of factual or legal entitlement to the relief requested, Defendant denies such allegations. Plaintiffs are not entitled to any relief on their Complaint, including but not limited to the requested relief.

## DEFENSES

45. Subject to its above responses, Defendant hereby asserts the following defenses, without assuming any burden of proof or persuasion on any issue, whether in whole or in part, where such burden(s) would otherwise be borne by Plaintiffs. Defendant expressly reserves the right to assert additional defenses that become known during the course of this litigation.

### First Defense

### (No Infringement)

46. Defendant has not infringed any claim of the asserted patents, literally or under the doctrine of equivalents.

### Second Defense

### (Invalidity/Unenforceability)

47. Each of the claims of the asserted patents is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the Patent Laws of the

United States as set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and 282.

## Third Defense

### (Failure to State a Claim)

48. With respect to each purported claim for relief alleged in the Complaint, Plaintiffs fail to allege facts sufficient to state a claim against Defendant upon which relief may be granted.

## Fourth Defense

### (Notice and Damages)

49. Plaintiffs' recovery for alleged infringement of the asserted patents is, at most, limited to any alleged infringement committed no more than 6 years prior to the filing of the Complaint, pursuant to 35 U.S.C. § 286. To the extent Plaintiffs failed to comply with the notice provisions of 35 U.S.C. § 287, Plaintiffs may not recover damages for alleged infringement committed prior to the filing of its Complaint or the receipt of actual notice, whichever is earlier.

## Sixth Defense

### (Not an Exceptional Case)

50. Plaintiffs cannot prove that this is an exceptional case justifying an award of attorney fees against Defendant pursuant to 35 U.S.C. § 285.

## Seventh Defense

### (No Injunctive Relief)

51. Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, Plaintiffs have an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## **RESERVATION OF RIGHTS**

52.     Defendant hereby reserves the right to amend their Answer and reserve all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that become applicable after the substantial completion of discovery or otherwise during the course of litigation.

## DEMAND FOR JURY TRIAL

Defendant hereby respectfully requests a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Defendant hereby respectfully requests the following relief:

1. A judgment in favor of Defendant, and against Plaintiffs, on all of Plaintiffs claims against Defendant, with Plaintiffs being awarded no relief of any kind on its Complaint, including but not limited to its request for damages and injunctive relief;

2. An order finding that this is an exceptional case and awarding Defendant its respective costs, expenses, disbursements, and reasonable attorneys' fees in defending against Plaintiffs' claims against Defendant under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

3. Such other and further relief, in law or in equity, as this Court deems just and proper.

*Of Counsel:*

Kayvan B. Noroozi
NOROOZI PC
11601 Wilshire Boulevard, Suite 2170
Los Angeles, CA 90025
(310) 975-7074

Douglas Bridges
NOROOZI PC
4204 Rochester Road
Mobile, AL 36608
(251) 533-0461

Dated: October 27, 2021

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*